IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:04CV640-H

| | |
|---|---|
| JAKES MORRISON, Plaintiff, vs. U.S. BANCORP CARD SERVICES, INC., Defendant. | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on the "Joint Motion to Consolidate Cases For Pretrial Purposes ..." (document #10) and "Memorandum in Support of Joint Motion ..." (document #11), both filed May 18, 2005 by Defendant U.S. Bancorp Card Services, Inc., and by Wachovia Bank, N.A. (successor in interest to SouthTrust Bank), MBNA America Bank, N.A., and Toyota Motor Credit Corporation, the Defendants in three of the related cases discussed below.

The pro se Plaintiff has not responded to the Defendants' motion and the time for filing a response has long expired.

On August 22, 2005, this case was re-assigned to the undersigned Magistrate Judge, and the Defendants' Joint Motion to Consolidate is ripe for determination.

Having carefully considered the arguments of the parties, the record, and applicable authority, the Court will grant the Defendants' motion and, as discussed below, consolidate the following cases for the purposes of discovery and all other pretrial matters: Morrison v. U.S. Bancorp Card Servs., Inc., 3:04CV640-H; Morrison v. Nordstrom, Inc., 3:04CV641-H; Morrison v. SouthTrust Bank, 3:04CV642-H; Morrison v. MBNA Corp., 3:04CV643-K; and Morrison v. Toyota Motor Credit

1

Corp., 3:04CV644-K.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 2004, the pro se Plaintiff, James Morrison, filed Complaints against U.S. Bancorp Card Services, Inc., Nordstrom, Inc., SouthTrust Bank, MBNA America Bank, N.A., Toyota Motor Credit Corporation, and JP Morgan Chase that are identical except for naming a different Defendant in each case, and that seek damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1680 et. seq., for the Defendants' alleged failure to request that three credit reporting agencies, Trans-Union, Equifax, and Experian, remove from their records allegedly "inaccurate information" concerning the Plaintiff.

On March 8, 2005, the Plaintiff dismissed his Complaint against the sixth Defendant, JP Morgan Chase. See "Stipulation of Voluntary Dismissal" (document #2), Morrison v. JP Morgan Chase, 3:04CV639-K.

On May 19, 2005, the Defendants, choosing this case, file number 3:04CV640-H, as the lead case, filed their Joint Motion to Consolidate all of the remaining cases for discovery and other pretrial purposes. In their "Memorandum in Support of Joint Motion," the Defendants indicate that the Plaintiff has agreed to dismiss his Complaint in Morrison v. Nordstrom, Inc., 3:04CV641-H, but because a dismissal has not yet been filed, that case has also been included in the Defendants' request for consolidation.

The Plaintiff has not responded to the Defendants' motion which is now ripe for determination.

# I. <u>DISCUSSION OF CLAIMS</u>

Rule 42 (a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

<u>Accord</u> A/S Ludwig Mowinckles Rederi v. Tidewater Constr., 559 F.2d 928, 933 (4th Cir. 1977) ("district courts have broad discretion under [Rule] 42(a) to consolidate causes pending in the same district"). When exercising its discretion, a district court should

> weigh the risk of prejudice and confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

<u>In re Cree, Inc.</u>, 219 F.R.D. 369, 371 (M.D. N.C. 2003), <u>citing</u> <u>Arnold v. Eastern Air Lines</u>, 681 F.2d 186, 193 (4th Cir. 1982).

Applying these legal principles to these cases which involve not merely common but identical questions of law and fact, consolidation for discovery and other pretrial purposes clearly will avoid unnecessary, duplicative expense and effort and increase judicial efficiency and economy, while causing very little, if any, prejudice or confusion to the parties. To the contrary, it is apparent that consolidation for pretrial purposes will be entirely beneficial to all parties and to the Court.

Accordingly, the Defendants' Joint Motion to Consolidate shall be <u>granted</u>. The parties shall conduct the Initial Attorneys' Conference, ("IAC"), as ordered below, and file their "Certification of Completion of Initial Attorneys' Conference," as required by Local Rule 16.1. Thereafter, the undersigned will issue a "Pretrial Order and Case Management Plan," that is, an Order establishing

the deadlines for conducting discovery and filing pretrial motions, and contact the parties to schedule the Initial Pretrial Conference ("IPC").

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Defendants' "Joint Motion to Consolidate Cases and Assign Cases to One Judge" (document #10) is hereby **GRANTED**, that is, the following cases are hereby **CONSOLIDATED** for the purposes of discovery and all other pretrial matters: Morrison v. U.S. Bancorp Card Servs., Inc., 3:04CV640-H; Morrison v. Nordstrom, Inc., 3:04CV641-H; Morrison v. SouthTrust Bank, 3:04CV642-H; Morrison v. MBNA Corp., 3:04CV643-K; and Morrison v. Toyota Motor Credit Corp., 3:04CV644-K.

2. Morrison v. U.S. Bancorp Card Servs., Inc., 3:04cv640-H, is hereby designated as the lead case for any motions related to discovery and other pretrial matters.

3. On or before September 23, 2005, the pro se Plaintiff and defense counsel shall meet and conduct a joint Initial Attorneys' Conference, and within five days thereafter, shall file their "Certification of Completion of Initial Attorneys' Conference" as required by Local Rule 16.1.

4. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable David C. Keesler.

**SO ORDERED.**

**Signed: August 23, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge